# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**EDENA AMENTLER**
1224 Washington
Easton, PA 18042 and

**MICHAEL PERSELAY,**            CIVIL ACTION NO
1224 Washington
Easton, PA 18042
        **Plaintiffs,**

       v.            **JURY TRIAL DEMANDED**

**69 MAIN STREET, LLC d/b/a**
**FOX AND HOUND TAVERN,**
69 Main Street,
Lebanon, NJ 08833,

**GEORGE P. OWEN**
22 Terrill Dr.,
Califon, NJ 07830-3444,

**TOM J. STINER**
53 Bissell Rd.,
Lebanon, NJ, 08833-4430,

**GEORGE A. DONZELLA,**
22 Terrill Dr.,
Califon, NJ 07830-3444, and

**JEFFREY J. KROL,**
53 Bissell Rd.,
Lebanon, NJ, 08833-4430.
        **Defendants.**

## AMENDED COMPLAINT

Plaintiffs Edena Amentler and Michael Perselay, through their counsel, by way of

complaint against Defendants the 69 Main Street, LLC d/b/a Fox & Hound Tavern,

1

George P. Owen, Tom J. Stiner, George A. Donzella, and Jeffrey J. Krol, avers as follows:

**NATURE OF THE ACTION**

1. This action arises out of a sexual assault upon Plaintiff Amentler by Jeffrey J. Krol when she was attended a business function at the home of the owners-operators of the 69 Main Street, LLC, d/b/a Fox and Hound Tavern ("Fox & Hound"). Plaintiffs bring this action to recover their general damages, special damages, including emotional damages, and punitive damages.

2. This action arises under common law, the New Jersey Law Against Discrimination ("LAD"), and the Dram Shop Act, amongst others.

**THE PARTIES**

3. Plaintiff Edena Amentler is a 20 year old female who resides at 1224 Washington Street, Easton, PA 18042. She is a resident of Pennsylvania and, as described in detail below, suffered damages and injuries as a result of defendants' conduct.

4. Plaintiff Michael Perselay is the domestic partner of Plaintiff Amentler and resides at 1224 Washington Street, Easton, PA 18042. He is an employee of Defendants as the executive chef at Fox & Hound. He is a resident of Pennsylvania and, as described in detail below, suffered damages and injuries as a result of defendants' conduct

5. Defendant 69 Main Street, LLC d/b/a Fox and Hound Tavern ("Fox & Hound") is a commercial restaurant located at 69 Main Street, Lebanon, NJ 08833. Upon information and belief, Fox & Hound was and is a Domestic Limited Liability Company licensed to

2

do business in the State of New Jersey. The registered agent for Fox & Hound is James McCaffery, Esq. located at 6 Chapel Avenue, Jersey City, NJ 07305.

6. Defendant George P. Owen is an owner-operator of Fox & Hound and resides at 22 Terrill Dr., Califon, NJ 07830-3444.

7. Defendant Tom J. Stiner is an owner-operator of Fox & Hound and resides at 53 Bissell Rd., Lebanon, NJ, 08833-4430.

8. Defendant George A. Donzella is an owner-operator of Fox & Hound and resides at 22 Terrill Dr., Califon, NJ 07830-3444.

9. Defendant Jeffery J. Krol is an owner-operator of Fox & Hound and resides at 53 Bissell Rd., Lebanon, NJ, 08833-4430.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter because it is a claim or controversy amongst citizens of different states pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds One-Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs. The parties' citizenship is completely diverse as Plaintiffs are citizen of Pennsylvania and all the Defendants are citizens of New Jersey.

11. Venue is proper in this District because all Defendants are either reside or are engaged in business in this District and the incident complained of took place in this District.

3

## FACTS APPLICABLE TO ALL COUNTS

12. On July 4, 2007, the Fox & Hound held a business function at the home of two of the co-owners of Fox & Hound, Defendants Owen and Donzella, which is located at 22 Terrill Dr., Califon, NJ 07830-3444. Upon information and belief, Defendants Owen and Donzella are long-term domestic partners, as are Defendants Stiner and Krol.

13. Over 200 guests were in attendance at the function. The guests were customers of Fox & Hound and business invitees of all Defendants. The principal purpose of the function was to market Fox & Hound.

14. Plaintiff Perselay worked as a chef at the function and attended the function as an employee of Fox & Hound and the other Defendants.

15. Plaintiff Amentler attended the function as Plaintiff Perselay's domestic partner for the purpose of assisting Plaintiff Perselay in entertaining the guests of the Fox & Hound.

16. The function was held from 5 pm to midnight and alcohol was served by Defendants.

17. As the grounds of the residence had a pool, the guests were invited to swim, and many of the guests and employees, including Plaintiff Amentler, were wearing bathing suits.

18. At some point during the party, while Plaintiff Amentler was in the pool with Plaintiff Perselay, Defendant Jeffrey Krol made an unsolicited comment to Plaintiff Amentler about the size of his genitals.

19. While Plaintiff Amentler was offended by the sexually explicit remarks by Defendant Krol and felt harassed, rather than understanding that she was the target of a

4

sexual offense, she attributed Defendant Krol's comment to his having had too much to drink and did not see this as evidence that Defendant Krol would shortly thereafter commit a sexual offense against her.

20.     Because Defendant Krol was Plaintiff Perselay's employer, Plaintiff Amentler did not believe that she could express how offended she was by Mr. Krol's vulgar comments and sexual offense without damaging her domestic partner's employment.

21.     Plaintiff Amentler also had been informed that Defendant Krol was romantically involved with Defendant Tom J. Stiner, was a homosexual man sexually interested in men and not women and therefore did not believe that she was the target of a physical sexual attack or that she had reason to fear Defendant Krol physically.

22.     At approximately 10 pm, one of the female guests became ill from too much to drink. Plaintiff Amentler assisted the ill woman, guided her into the house and into a first-floor bathroom, where the woman vomited repeatedly, soiling the bathroom.

23.     After helping the woman guest, Plaintiff Amentler wanted to wash and relieve herself but was reluctant to use the soiled bathroom. Plaintiff Amentler knew of another bathroom on the floor above and went upstairs to use the clean bathroom.

24.     Plaintiff Amentler used the upper floor bathroom to relieve and clean herself. Upon exiting the bathroom, Plaintiff Amentler was met by Defendant Krol in the hallway outside of the bathroom. Defendant Krol instructed Plaintiff Amentler to follow him.

25.     Because Defendant Krol was the employer of her domestic partner, Plaintiff Amentler felt obligated and pressured to acquiesce into Defendant Krol's instruction that she follow him into an empty bedroom. Plaintiff Amentler did not believe and had no notice whatsoever that Defendant Krol was guiding her into the bedroom for the purpose

5

of wrongfully touching Plaintiff Amentler because Plaintiff Amentler had been led to believe that Defendant Krol was a homosexual man not physically interested in women.

26. After Plaintiff Amentler entered the bedroom, Defendant Krol locked the door, preventing Plaintiff Amentler from exiting.

27. Plaintiff Amentler reacted by saying repeatedly to Defendant Krol "Let's go downstairs and find Michael." As Defendant Krol was Plaintiff Perselay's employer, she was reluctant to anger him.

28. Rather than do as requested by Plaintiff Amentler, Defendant Krol grabbed Plaintiff Amentler, pulled the strings on her string bikini bathing suit, causing her bathing suit to come off of her body, leaving her naked, whereupon Defendant Krol pushed Plaintiff Amentler roughly onto the bed in the room over Plaintiff Amentler's protests and requests to stop.

29. Plaintiff Amentler tried to free herself and get off the bed, all the while loudly saying "No" repeatedly.

30. Defendant Krol then penetrated Plaintiff Amentler's vagina with his penis despite Plaintiff Amentler's protests and requests to stop.

31. Defendant Krol's sexual penetration of Plaintiff Amentler was without consent and unlawful.

32. Defendant Krol's sexual penetration of Plaintiff Amentler was without consent and constituted the tort and crime of rape under NJ law.

33. Defendant Krol did not wear a condom when he raped Plaintiff Amentler.

34. Defendant Krol stopped his assault upon Plaintiff Amentler only upon hearing noises coming from outside the bedroom door.

6

35. Defendant Krol then quickly pulled on his bathing suit and left Plaintiff Amentler naked, dazed, shocked, and traumatized, still on the bed weeping.

36. Plaintiff Amentler grabbed her clothes and, fearing that she had contracted a sexually transmitted disease, ran to the bathroom across the hall to shower and wash her vagina in an attempt to wash away any disease which Defendant Krol's unprotected penetration may have introduced.

37. Immediately following the rape, Plaintiff Amentler was unable to tell Plaintiff Perselay what had transpired because of her traumatized emotional state.

38. After a short while had passed, Plaintiff Amentler confided in Plaintiff Perselay that she had been raped by Defendant Krol.

39. Plaintiff Perselay urged her to seek medical treatment from Easton Hospital.

40. While at Easton Hospital, a rape kit was administered to Plaintiff Amentler.

41. Plaintiff Amentler gave a report of the rape to the Tewksbury, NJ Police Department.

42. Some time after the rape, Defendant Krol left an apologetic voice mail message on Plaintiff Perselay's telephone.

43. Initially, Plaintiff Perselay was forced by Defendants to take "an involuntary mandatory vacation" from his position at Fox & Hound following the rape.

44. Defendants were served with Plaintiffs' Complaint on January 25, 2008.

45. Thereafter and upon being served with Plaintiffs' Complaint, on January 31, 2008, Defendants fired Plaintiff Perselay from his employment as Defendants' executive chef.

## COUNT I

## ASSAULT and BATTERY

46. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

47. This cause of action is for assault and battery upon Plaintiff Amentler.

48. Defendant Krol intended to, and did cause, offensive physical contact with Plaintiff Amentler.

49. Defendant Krol's conduct constituted offensive contact with Plaintiff Amentler from an act intended to cause plaintiff to suffer from such contact.

50. Plaintiff has been severely injured as a result of such tortious conduct and has suffered, and continues to suffer, physical and bodily injuries, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other damages.

## COUNT II

## FALSE IMPRISONMENT

51. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

52. This cause of action is for the false arrest of Plaintiff Amentler by Defendant Krol.

53. When Defendant Krol locked the bedroom door, he intended that Plaintiff Amentler feel that she could not leave the room without jeopardizing her safety or Plaintiff Perselay's employment with Fox & Hound.

8

54. Plaintiff Amentler did feel that she could not leave the room without jeopardizing her safety or Plaintiff Perselay's employment with Fox & Hound.

55. Both Plaintiff Amentler and Plaintiff Perselay have been severely injured as a result of such tortious conduct and have suffered, and continue to suffer, physical and bodily injuries, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other damages.

## COUNT III

### ASSAULT AND BATTERY WITH A DEADLY WEAPON

56. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

57. This cause of action is for the assault and battery with a deadly weapon upon Plaintiff Amentler by Defendant Krol.

58. By raping Plaintiff Amentler and forcing his bodily fluids upon her, Defendant committed an assault with a deadly weapon upon Plaintiff Amentler.

59. Defendant Krol has had sexual relations with other men and thereby is in a high risk group for sexually transmitted diseases including HIV and AIDS.

60. Both Plaintiff Amentler and Plaintiff Perselay have been severely injured as a result of such tortious conduct and have suffered, and continue to suffer, physical and bodily injuries, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other damages.

9

## COUNT IV

### PLACING ONE IN ENHANCED RISK OF DEVELEOPING HIV OR AIDS

61. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

62. When Defendant Krol assaulted Ms. Amentler, he did not wear a condom. As a man who has engaged in sexual relations with other men, he is in a high risk group for carrying and disseminating sexually transmitted diseases, including HIV and AIDS.

63. Both Plaintiffs have been in constant fear that the assault has led Ms. Amentler to contract HIV or AIDS or other sexually transmitted diseases. Mauro v. Raymark Industries, Inc., 116 N.J. 126, 561 A.2d 257 (1989). Both Plaintiffs have suffered damages, including costs for medical monitoring, as a result of Defendants' conduct.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein

65. This cause of action is for the intention infliction of emotional distress upon both Plaintiff Amentler and Plaintiff Perselay.

66. By the acts alleged in this Complaint by all Defendants, these Defendants' extreme and outrageous misconduct exceeded all bound of decency.

67. Defendants' conduct was intended to and did cause severe emotional distress upon both Plaintiff Amentler and Plaintiff Perselay.

10

68. Both Plaintiff Amentler and Plaintiff Perselay have been severely injured as a result of all Defendants' tortious conduct as they have suffered, and continue to suffer, physical and bodily injuries, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other damages.

### COUNT VI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

69. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

70. This cause of action is for the negligent infliction of emotional distress upon both Plaintiff Amentler and Plaintiff Perselay.

71. By the acts alleged in this Complaint by all Defendants, Defendants' extreme and outrageous misconduct exceeded all bound of decency.

72. Defendants' conduct caused severe emotional distress upon both Plaintiff Amentler and Plaintiff Perselay.

73. Both Plaintiff Amentler and Plaintiff Perselay have been severely injured as a result of all Defendants' tortious conduct as they have suffered, and continue to suffer, physical and bodily injuries, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other damages.

11

# COUNT VII

## NEW JERSEY LAW AGAINST DISCRIMINATION
## <u>SEXUALLY HOSTILE WORK ENVIRONMENT</u>

74. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

75. This cause of action is for Defendants' violation of New Jersey's Law Against Discrimination ("LAD").

76. Pursuant to the LAD, <u>N.J.S.A.</u> 10-5-1, et seq, all Defendants are "employers" as defined by the LAD.

77. As employers, Defendants are liable for acts that created and constitute a sexually hostile work environment as well as the sexual assault and battery by Defendant Krol upon Plaintiff Amentler.

78. Defendants created and perpetuated a severe and pervasive sexually hostile work environment in violation of the LAD both in the events of July 4, 2007 and continuing thereafter and including Plaintiff Perselay's forced "mandatory vacation."

79. Defendants failed to take any preventative or remedial measures to protect against sexual harassment, including but not limited to:

      a. failure to train employees, co-owners, and other personnel adequately;

      b. failure to institute and enforce effective policies and procedures regarding sexual harassment and the reporting and investigation of complaints of such harassment;

      c. failure to monitor or supervise the activities and discriminatory actions of any and all personnel;

12

  d. failure to provide adequate training to recognize, address, rectify, or prevent or address illegal or discriminatory conduct;

  e. failure to adequately, discipline, or stop known discriminatory conduct by any and all personnel.

80. Defendants' conduct constitutes egregious behavior or willful indifference to the rights of others, including Plaintiffs, sufficient to subject Defendants to punitive damages pursuant to the LAD and <u>Lehman v. Toys "R"</u> US, 626 A.2d 445, 453 (N.J. 1993).

81. Both Plaintiff Amentler and Plaintiff Perselay have been severely injured as a result of all Defendants' tortious conduct as they have suffered, and continue to suffer, physical and bodily injuries, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other damages.

## COUNT VIII

### NEW JERSEY LAW AGAINST DISCRIMINATION
### <u>QUID PRO QUO SEXUAL HARASSMENT</u>

82. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

83. This cause of action is for Defendants' violation of New Jersey's Law Against Discrimination ("LAD").

84. Pursuant to the LAD, <u>N.J.S.A.</u> 10-5-1, et seq, all Defendants are "employers" as defined by the LAD.

13

85. As employers, Defendants are liable for acts that created and constitute a sexually hostile work environment as well as the sexual assault and battery by Defendant Krol upon Plaintiff Amentler.

86. Defendants created and perpetuated a severe and pervasive sexually hostile work environment in violation of the LAD both in the events of July 4, 2007 and continuing thereafter and including Plaintiff Perselay's forced "mandatory vacation."

87. Defendants' conduct, including but not limited to, their pressure upon Plaintiff Amentler and Plaintiff Perselay, through oral or physical abuse, to provide sexual favors or to assist in the provision of sexual favors, as a condition of Plaintiff Perselay's employment and advancement constitutes quid pro quo sexual harassment in violation of the LAD.

88. Both Plaintiff Amentler and Plaintiff Perselay have been severely injured as a result of all Defendants' tortious conduct as they have suffered, and continue to suffer, physical and bodily injuries, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other damages.

### COUNT IX

### NEW JERSEY LAW AGAINST DISCRIMINATION
### UNLAWFUL RETALIATION

89. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

14

90. This cause of action is for Defendants' violation of New Jersey's Law Against Discrimination ("LAD").

91. Pursuant to the LAD, <u>N.J.S.A.</u> 10-5-1, et seq, all Defendants are "employers" as defined by the LAD.

92. As employers, Defendants are liable for acts that created and constitute a sexually hostile work environment as well as the sexual assault and battery by Defendant Krol upon Plaintiff Amentler.

93. Defendants created and perpetuated a severe and pervasive sexually hostile work environment in violation of the LAD both in the events of July 4, 2007 and continuing thereafter and include Plaintiff Perselay's forced "mandatory vacation" in violation of the LAD.

94. Both Plaintiff Amentler and Plaintiff Perselay have been severely injured as a result of all Defendants' tortious conduct as they have suffered, and continue to suffer, physical and bodily injuries, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other damages.

## COUNT X

## **AIDING AND ABETTING LIABILITY**

95. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

96. By their actions and omissions, Defendants condoned, ratified, and aided and abetted all tortious acts upon both Plaintiff Amentler and Plaintiff Perselay. All Defendants knew, or should have known, of the tortious acts being committed upon both Plaintiff Amentler and Plaintiff Perselay, knew that these acts were in violation of statutory and common law, and encouraged, assisted, or tolerated these acts.

97. Defendants are liable pursuant to the LAD for aiding and abetting sexual assault and harassment in violation of the law.

98. Both Plaintiff Amentler and Plaintiff Perselay have been severely injured as a result of all Defendants' tortious conduct as they have suffered, and continue to suffer, physical and bodily injuries, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other damages.

## COUNT XI

### FAILURE TO MAINTAIN A SAFE WORKPLACE

99. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

100. By their actions and omissions, Defendants failed to maintain a safe workplace, both at Fox & Hound and at the site of the July 4th, 2007 Fox & Hound business event. All Defendants knew, or should have known, of danger of serving alcohol to minors; of the risk of sexual assault; and that these acts were in violation of statutory and common law and that they encouraged, assisted, or tolerated these acts.

16

## COUNT XII

### DRAM SHOP ACT and FAILURE TO MAINTAIN A SAFE ENVIRONMENT

101. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

102. By their actions and omissions, Defendants violated the Dram Shop Act, N.J.S.A. 2A:22A-1, et seq., and failed to maintain a safe place, both at Fox & Hound and at the site of the July 4th, 2007 business event. All Defendants knew, or should have known, of danger of serving alcohol to business invitees and of the risk of assault under these circumstances; and that these acts were in violation of statutory and common law and that they encouraged, assisted, or tolerated these acts.

## COUNT XIII

### DRAM SHOP ACT and SERVING ALCOHOL TO MINORS

103. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

104. By their actions and omissions, Defendants violated the Dram Shop Act, N.J.S.A. 2A:22A-1, et seq., and served alcohol to minors. All Defendants knew, or should have known, of danger and illegality of serving alcohol to minors; of the risk of sexual assault; and that these acts were in violation of statutory and common law and that they encouraged, assisted, or tolerated these acts.

17

## COUNT XIV

### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A. § 2000e, et seq.- §704(a)

105. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

106. By terminating Plaintiff Perselay's employment on January 31, 2008 upon being served with Plaintiffs' Complaint, as retaliation for the herein lawsuit, Defendants violated the § 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq.*

107. Both Plaintiff Amentler and Plaintiff Perselay have been severely injured as a result of all Defendants' tortious conduct as they have suffered, and continue to suffer, physical and bodily injuries, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other damages.

## COUNT XV

### CONSCIENTIOUS EMPLOYEE PROTECTION ACT, N.J.S.A. 34:19-1, et seq.

108. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

109. By terminating Plaintiff Perselay's employment on January 31, 2008 upon being served with Plaintiffs' Complaint, as retaliation for the herein lawsuit, Defendants violated the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.*

18

110. Both Plaintiff Amentler and Plaintiff Perselay have been severely injured as a result of all Defendants' tortious conduct as they have suffered, and continue to suffer, physical and bodily injuries, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and other damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for harm suffered as a result of the acts of Defendants and each of them as follows:

    a.    Compensatory damages in amount in excess of $75,000;

    b.    Special damages, including damages for emotional and psychological injuries;

    c.    Punitive damages by way of punishment for the unlawful, intentional and grossly negligent behavior of Defendants;

    d.    Consequential damages, including back pay and benefits with full remuneration, with interest;

    e.    Attorney's fees and costs, with appropriate enhancement under Rendine v. Pantzer, 141 N.J. 292, 661 A.2d 1202 (N.J.1995); and

    i.    Such other relief as the trier of fact deems just and proper.

Respectfully submitted,

*[signature]*

Alan S. Fellheimer, Esquire
Judith E. Fellheimer, Esquire

19

                                        Sarah K. Lessie, Esquire
                                        William Rubley, Esquire
                                        **Fellheimer & Eichen LLP**
                                        1800 John F. Kennedy Boulevard
                                        Suite 1400
                                        Philadelphia, PA 19103
                                        (215) 253-6630
                                        Attorneys for Plaintiffs
                                          Edena Amentler and
                                          Michael Perselay

Of Counsel:
Brett A. Sokolow, Esquire
20 Callery Way
Willistown, PA 19355
(610) 993-0229

Dated: February 2, 2008

20